IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE MARIE NGONO, : | |
|     Plaintiff : | |
|       v. | : Case No. 3:19-cv-104-SLH-KAP |
| GEO GROUP, INC., : | |
|  et al., : | |
|     Defendants : | |

Memorandum Order

Plaintiff filed a complaint, ECF no. 6, with an amended version at ECF no. 8 and brief in support at ECF no. 7. In response to my Report and Recommendation of January 29, 2020, plaintiff filed an amended complaint, ECF no. 9, that deleted as defendants Bureau of Prisons employee R. Hendrix and Geo Group employees S. Kuta, D. Jones, and S. Ruch. I then withdrew my Report and Recommendation at ECF no. 5 as moot and ordered service.

There are two motions pending. One is a motion to dismiss by the United States at ECF no. 25, which plaintiff has until April 5, 2021 to respond to.

The other motion pending is styled a partial motion to dismiss by the Geo Group at ECF no. 17. The Geo Group filed the motion "in an abundance of caution" to clarify its understanding that the only claims against Geo Group are state law claims, and not claims under Section 1983 or Bivens. In essence, Geo Group is stating that it is not sure what else plaintiff might be alleging, and is conditionally arguing the lack of merit to any additional claims if in fact they are even intended. The plaintiff has not filed anything in opposition to the motion that would shed light on the matter.

As I have already noted, plaintiff's allegations state a claim under Pennsylvania state law against GEO Group after Mascaro v. Youth Study Ctr., 514 Pa. 351, 360, 523 A.2d 1118, 1123 (1987) for the alleged negligence or deliberate indifference of its employees that allegedly caused the alleged assaults on plaintiff by his cellmate; plaintiff also adequately alleges a claim that Geo employees used excessive use of force against him on December 28, 2017, for which Geo Group might be liable in *respondeat superior*. I have noted that under Supreme Court precedent neither GEO Group nor any of its employees are liable to plaintiff under federal law. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 122 (2001); Minneci v. Pollard, 565 U.S. 118, 131 (2012). As for the stray citations in various versions of the complaint to Section 1983, they are irrelevant in this matter because Section 1983 provides a remedy against persons acting under color of state law and, as

the complaint alleges, Geo Group was acting under color of federal law.

Since I regard the unopposed motion at ECF no. 17 as one for clarification only, and I hope this clarifies that there are two state law claims against Geo Group, the Clerk can terminate ECF no. 17 as moot. If either plaintiff or Geo Group believes there are other claims alleged against Geo Group they should file a motion seeking reconsideration. If nothing is filed within two weeks, Geo Group should then file its Answer.

DATE: March 10, 2021

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Andre Marie Ngono
RDJ Harlem, St. Mary's
521 West 126th Street
New York, NY 10027