IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE MARIE NGONO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 3:19-cv-104 |
| | ) Judge Stephanie L. Haines |
| MOSHANNON VALLEY CORRECTIONAL | ) |
| CENTER, *et al.* | ) |
| | ) |
| Defendants. | |

**MEMORANDUM ORDER**

This is a civil rights case brought by Andre Marie Ngono ("Plaintiff"), relating to Plaintiff's incarceration at Moshannon Valley Correctional Center ("MVCC"). Plaintiff alleges that he was raped by his cellmate between December 23, 2017 and December 27, 2017, and that on December 28, 2017, employees of Defendant Geo Group, Inc. ("GEO"), the corporation that operates MVCC, used excessive force against him (ECF No. 9).[1] This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

### I. Procedural Background

By way of background, Plaintiff commenced this action on July 2, 2019 by filing a motion

---

[1] Plaintiff's pleading at ECF No. 9 is the operative complaint. Plaintiff filed a proposed second amended complaint at ECF No. 44, however, Plaintiff was beyond the time to do so in response to the motion to dismiss (and Plaintiff had already filed his response to the motion at ECF No. 35) and the Court did not grant Plaintiff leave to file a second amended complaint. On that basis, both Defendants GEO and United States requested the Court strike the proposed filing at ECF No. 44. In the Report and Recommendation (ECF No. 50), Magistrate Judge Pesto indicated that the second amended complaint (ECF No. 44) was a legal nullity and thus Defendant United States' motion to strike it from the record filed at ECF Nos. 45, and Defendant GEO's joinder motion at ECF No. 47, were terminated as unnecessary. The Court finds Magistrate Judge Pesto correctly determined that Plaintiff's second amended complaint (ECF No. 44) was improperly filed, making it unnecessary to be stricken from the record.

1

for leave to proceed *in forma pauperis* that attached his Complaint as an exhibit thereto (ECF Nos. 1 and 1-1). In his complaint, Plaintiff named as defendants the following entities: MVCC, GEO, and the United States of America ("United States"). Plaintiff also named as defendants the following individual employee defendants: R. Hendrix, alleged to be a Federal Bureau of Prisons ("BOP") employee, S.M. Kuta, warden at MVCC, S. Such, lieutenant at MVCC, D. Jones, a manager of a housing unit at MVCC, and five unknown prison guards (ECF No. 6). After screening the complaint pursuant to 28 U.S.C. § 1915A, Magistrate Judge Pesto recommended dismissing all named defendants except for Defendants United States and GEO (ECF No. 5).

Plaintiff then filed an amended complaint (ECF No. 9) in response to the Report and Recommendation (ECF No. 5). The amended complaint (ECF No. 9) removed the individual named employee defendants. In a memorandum order (ECF No. 10), Magistrate Judge Pesto then withdrew his Report and Recommendation at ECF No. 5, stating that Plaintiff stated a *prima facie* claim against the United States under the Federal Tort Claims Act ("FTCA") and stated a claim against GEO under Pennsylvania tort law for its negligence or for the alleged negligence/deliberate indifference of its employees (ECF No. 10 at pp. 2-3).[2]

Currently before the Court is Defendant United States' motion to dismiss (ECF No. 25) the

---

[2] On July 31, 2020, Defendant GEO filed a partial motion to dismiss (ECF No. 17) seeking dismissal of any claims Plaintiff may be attempting to assert against it, other than the Pennsylvania tort law claims, in an effort to clarify that only Plaintiff's Pennsylvania state law claims remained against it in this matter. On March 10, 2021, Magistrate Judge Pesto issued a memorandum order (ECF No. 34) finding Defendant GEO's partial motion to dismiss (ECF No. 17) was essentially a motion for clarification and, as such, clarifying only two state law claims remained against Defendant GEO (ECF No. 34 at p. 1). Magistrate Judge Pesto accordingly ordered the partial motion to dismiss (ECF No. 17) to be terminated as moot and stated if GEO believed other claims remain, it should file a motion seeking reconsideration. *Id.* at p. 2. Defendant GEO did file a motion for reconsideration (ECF No. 36), which Magistrate Judge Pesto granted at ECF No. 40 only insofar as the motion requested a stay on filing an answer until the Court decided the motion to dismiss filed by the United States (ECF No. 25).

claims against it in Plaintiff's amended complaint (ECF No. 9). Following Magistrate Judge Pesto granting Plaintiff's requests for extensions of time to respond to the motion to dismiss (ECF Nos. 30 and 33), Plaintiff filed a response to the motion to dismiss styled as a "Motion in Opposition to The United States' Motion to Dismiss" (ECF No. 35). Magistrate Judge Pesto granted Defendant United States leave to file a reply brief (ECF No. 40), and on April 5, 2021, Defendant United States then filed its reply brief (ECF No. 41). On September 3, 2021, Magistrate Judge Pesto issued a Report and Recommendation (ECF No. 50) recommending Defendant United States' motion to dismiss all claims against it (ECF No. 25) in the amended complaint (ECF No. 9) should be granted as Plaintiff failed to exhaust his administrative remedies so as to maintain his claims under the FTCA and failed to make out his various other claims against Defendant United States.

On September 13, 2021, Plaintiff filed objections (ECF No. 51) to Magistrate Judge Pesto's Report and Recommendation filed at ECF No. 50, and on September 14, 2021, Defendant GEO filed objections (ECF No. 52) to Magistrate Judge Pesto's Report and Recommendation filed at ECF No. 50. In Plaintiff's objections (ECF No. 51), Plaintiff maintains that his FTCA claims should move forward and that he sufficiently pleaded his various other claims against Defendant United States under the Freedom of Information Act ("FOIA"), the Administrative Procedures Act, the Privacy Act, and the Prison Rape Elimination Act. In Defendant GEO's objections (ECF No. 52), Defendant GEO objects to the Report and Recommendation providing that Defendant GEO should file its answer to the operative amended complaint (ECF No. 9) when the Court has adopted or rejected the Report and Recommendation, contending that the Court should not continue to exercise supplemental jurisdiction over Plaintiff's state law claims against it.

## II. Legal Standard

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. Upon *de novo* review of all documents, pleadings, and filings of record, and the Report and Recommendation (ECF No. 50), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of the Magistrate Judge in this matter as amended herein.

## III. Analysis

The Court addresses Plaintiff's objections (ECF No. 51) and Defendant GEO's objections (ECF No. 52) as set forth herein:

### 1. Plaintiff's Objections (ECF No. 51)

A private plaintiff may bring a civil lawsuit against the United States of America or one of its agencies, such as the Department of Justice, the parent agency of the Bureau of Prisons, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671, *et seq.* In this regard, the FTCA creates a limited waiver of sovereign immunity for claims against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). In this action, Magistrate Judge Pesto determined the amended complaint (ECF No. 9) stated a *prima facie* case under the FTCA (ECF No. 10).

However, a person who wants to bring a civil lawsuit under the FTCA must first, within two years after the claim accrues, file an administrative claim with the appropriate federal agency, 28 U.S.C. § 2401(b). No civil lawsuit may be brought under the FTCA "unless the

4

claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make a final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a). Because exhaustion of administrative remedies is required by § 2675(a), the court does not have subject matter jurisdiction over FTCA cases that have not first been administratively exhausted. *See Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984) ("Such a[n administrative] claim is a mandatory jurisdictional prerequisite to a [Federal Tort Claims Act] suit against the United States.").

A litigant must file suit within six months of the denial of an administrative claim. 28 U.S.C. §§ 2401(b), 2675(a). A claim under the FTCA accrues at the time of the injury. *Zeleznik v. United States*, 770 F.2d 20, 22 (3d Cir. 1985) ("For tort actions, the general rule is that the cause of action accrues at the time of the last event necessary to complete the tort. Usually, this is at the time the putative plaintiff is injured.") *See Sconiers v. United States*, 896 F.3d 595, 599 (3d Cir. 2018) (finding that FTCA litigants must both file an administrative claim within two years and file suit within six months of the claim denial).

In this case, Plaintiff filed an administrative tort claim on April 13, 2018 ("first claim") relating to the events that occurred on December 23, 2017 through December 27, 2017 and December 28, 2017 (ECF No. 26-2). In his first claim, Plaintiff seeks monetary damages for being involved in a brutal attack by guards on December 28, 2017, from when "prison employees neglectfully allowed another inmate to rape" Plaintiff during December 23, 2017 to December 27, 2017, and from when, on March 28, 2018, the warden confiscated his prison diary. *Id.* The administrative tort claim was rejected on April 23, 2018 (ECF No. 26-3) on the basis that Plaintiff

5

had failed to make any allegations against a federal BOP employee. Specifically, Plaintiff was advised that employees of contract, county or local jail facilities are not employees of the BOP as defined by the FTCA, and his claims were therefore not compensable by the BOP. *Id.* As Plaintiff did not file his lawsuit until July 2, 2019, over a year after the rejection of his first claim, Defendant United States correctly argued Plaintiff's first claim did not state a claim under the FTCA.

In his response to this argument, Plaintiff raised that he filed a second administrative tort claim in February 2019 (ECF No. 35-2) ("second claim"). In his second claim, Plaintiff completed Standard Form 95 ("SF-95") to seek $10 million in damages based on his allegation he was raped and sexually assaulted by another inmate when he was put in a restrictive housing unit at MVCC, and his allegation he was assaulted and battered by correction officers at MVCC. *Id.* This claim was rejected on March 8, 2019. *Id.* at p. 3.

Regulation requires an administrative tort claim to be sent to the BOP regional office where the claim or injury occurred, 28 C.F.R. § 543.31(c), however, Plaintiff incorrectly sent the second claim to the BOP's Privatization Management Branch (PMB). MVCC, the private prison at which Plaintiff was incarcerated, has an administrative remedy process, and under this process, an inmate is required to submit a grievance, which if not resolved, may then be appealed to the warden of that facility. An inmate who is unsatisfied with the warden's response may appeal to the BOP PMB for BOP matters. *See Varma v. Fed. Bureau of Prisons*, Civil Action No. 09-129J, 2010 U.S. Dist. LEXIS 159692, at *14-15 (W.D. Pa. Apr. 26, 2010) (discussing administrative remedy process for grievances at private facilities). BOP matters include the following issues: classification, designation, sentence computation, reduction in sentence, removal or allowance of good conduct time, decision taking inmate property (does not include confiscation of contraband), and issues directly involving BOP staff. *Id.* at *17. Like Plaintiff's first claim, Plaintiff's second

claim relates to his treatment from MVCC prison guards and staff and does not make any allegations against a federal BOP employee. Plaintiff's claim was rejected with the following explanation: "Your issue is not appealable to the BOP. You must use the grievance procedures at your facility" (ECF No. 35-2 at p.3). Plaintiff complains in his objections that if he sent his second claim to the wrong office, the office should have informed Plaintiff of the error or transferred his claim, however it appears Plaintiff was made aware of this error. Plaintiff also ignores that the second claim is devoid of any allegations concerning a BOP employee to enable the PMB or any other agency to recognize that Plaintiff intended the second claim to be properly filed as an administrative claim pursuant to the FTCA. Plaintiff's use of the SF-95 form alone, absent any allegations relating to a federal BOP employee, cannot preserve his claims under the FTCA.

As previously stated, a tort claim must be "presented" to a federal agency within two years after claim accrual." 28 U.S.C. §§ 2401(b), 2675(a). Defendant United States argues a claim is deemed "presented" when an inmate sends an SF-95 or other written demand to the regional BOP office where the tortious conduct occurred, citing 28 U.S.C. § 14.2(a) and 28 C.F.R. § 543.31(c) (ECF No. 41 at p. 6). Based on the applicable regulations, Plaintiff did not appropriately present his second claim to the BOP as he did not send it to the appropriate regional BOP office.

Assuming *arguendo*, the second claim was properly presented, Defendant United States correctly states that the second claim fails to show a BOP employee was deliberately indifferent or refused to address Plaintiff's allegations relating to his sexual assault. To rebut this argument, Plaintiff contends his claims necessarily implicate the BOP employee responsible for overseeing MVCC staff as his claims relate to conduct at the MVCC and there is a BOP employee posted at MVCC (ECF No. 51 at p. 4).

The FTCA defines "government employees" as "employees of a federal agency," and

7

defines "federal agency" to include "the executive departments, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States." 28 U.S.C. § 1346(b). The Supreme Court has held the United States will not be liable under the FTCA by virtue of entering contracts and demanding compliance with federal standards unless the United States supervises the "day-to-day operations" of the contractor. *See Logue v. United States*, 412 U.S. 521 (1973). To hold the federal government liable under the FTCA, it must have actual control over the physical conduct of prison employees engaged in the supervision and treatment of a prisoner at the time the injury occurred. *Id.*

Plaintiff's second claim says nothing about actions of any BOP employees. Further, Plaintiff has failed to plead any facts to support his conclusory allegation that BOP employees controlled the day-to-day operation of MVCC, and indeed, his allegations relating to his sexual assault and abuse are squarely against the MVCC staff who are employed by Defendant GEO. *Varma*, at *7-8 (W.D. Pa. Apr. 26, 2010). Plaintiff contends he should be permitted to maintain his FTCA claim based on his allegations in the amended complaint relating to alleged BOP employee R. Hendrix, who he contends supervised MVCC staff. However, the record provided by Plaintiff in support of his claims indicates Plaintiff has not appropriately preserved such a claim through the required administrative process.

Plaintiff's objections to Magistrate Judge Pesto's recommendation of the dismissal of Plaintiff's remaining claims are similarly unavailing. Plaintiff has failed to sufficiently plead that he is entitled to relief in his FOIA claim, and further, the law requires exhaustion of administrative remedies before a plaintiff may seek relief on a FOIA claim in district court. *See Biear v. AG United States*, 905 F.3d 151, 156 (3d Cir. 2018). Additionally, Plaintiff's claim seeking damages

8

for an alleged violation of the Administrative Procedures Act fails as damages are not an available remedy under that act. Plaintiff also fails to plead a claim under the Privacy Act and the Prison Rape Elimination Act. The record provided by Plaintiff also indicates that amendment of these claims would be futile, as amendment would not cure the defects in Plaintiff's claims against Defendant United States. *See Grayson v. Mayview State Hospital*, 293 F.3d 103 (3d Cir.2002).[3]

Based on the foregoing, the Court will overrule Plaintiff's objections (ECF No. 51) to Magistrate Judge Pesto's Report and Recommendation (ECF No. 50).

### 2. Defendant GEO's objections (ECF No. 52)

Defendant GEO objects to Magistrate Judge Pesto's decision in the Report and Recommendation (ECF No. 50) requiring it to file an answer pending the Court's adoption or rejection of the recommendation, arguing the Court should not exercise supplemental jurisdiction over Plaintiff's state law claims against Defendant GEO in this matter. Defendant GEO contends the Court is deprived of original federal jurisdiction by granting the motion to dismiss filed by Defendant United States and dismissing Plaintiff's claims against Defendant United States.

However, as a preliminary issue, Defendant GEO correctly states the Report and Recommendation (ECF No. 50) does not rule on Defendant GEO's argument that the Court should not exercise supplemental jurisdiction over this matter. Accordingly, the Court will not make a finding at this time regarding jurisdiction over Defendant GEO as it has not been appropriately raised and briefed to the Court. Moreover, the record does not so clearly indicate that the Court lacks jurisdiction on any basis over Plaintiff's Pennsylvania state law claims against Defendant GEO so as to require dismissal under Fed. R. Civ. P. 12(h)(3) (stating "[I]f the court determines at

---

[3] The record also supports amendment would be futile given Plaintiff's opportunities to file amended pleadings and continued inability to state sufficient claims against Defendant United States.

any time that it lacks subject-matter jurisdiction, the court must dismiss the action." ). The Court will overrule Defendant GEO's objections (ECF No. 52) to Magistrate Judge Pesto's Report and Recommendation (ECF No. 50).

## IV.    Conclusion

Upon *de novo* review of all documents, pleadings, and filings of record, and the Report and Recommendation (ECF No. 50), the Court will overrule Plaintiff's objections (ECF No. 51) and Defendant GEO's objections (ECF No. 52). The Court will grant Defendant United States' motion to dismiss (ECF No. 25) and dismiss Plaintiff's claims against Defendant United States. The Court will adopt the Report and Recommendation (ECF No. 50) as the opinion of the Court as amended herein.

Accordingly, the following order is entered:

**ORDER OF COURT**

AND NOW, this 22nd day of September, 2021, IT IS ORDERED that Defendant United States of America's motion to dismiss (ECF No. 25) is GRANTED; and,

IT IS FURTHER ORDERED that Plaintiff's objections (ECF No. 51) to the Magistrate Judge's Report and Recommendation (ECF No. 50) hereby are OVERRULED; and,

IT IS FURTHER ORDERED that Defendant Geo Group, Inc.'s objections (ECF No. 52) to the Magistrate Judge's Report and Recommendation (ECF No. 50) hereby are OVERRULED; and,

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 50) is adopted as the opinion of the Court as amended herein; and

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant United States of America are hereby DISMISSED WITH PREJUDICE. The clerk is ordered to terminate this matter as to Defendant United States of America.

                                        */s/ Stephanie L. Haines*
                                        Stephanie L. Haines
                                        United States District Judge

cc/ecf: All counsel of record