IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDRE MARIE NGONO, :
    Plaintiff, :
    v. : Case No. 3:19-cv-104-SLH-KAP
MOSHANNON VALLEY :
CORRECTIONAL CENTER, *et al.*, :
    Defendants :

<u>Memorandum Order</u>

    Having considered the motion to compel, ECF no. 64, and the response, ECF no. 65, the motion is granted in part.

    This suit arises out of the conditions in December 2017 of plaintiff's confinement at Moshannon Valley, a private prison operated by defendant Geo under a contract with the Bureau of Prisons. By inference from the motion and response, there is a civil suit against the United States pending in the Southern District of New York related to conditions of confinement in August 2016 at a different prison where plaintiff was then confined. The outcome of that suit may have preclusive effect in this one, and it is certain that at least some aspects of that suit are relevant to this suit. Both plaintiff and defendant have obtained records from the United States relevant to plaintiff's confinement, defendant by subpoena in this suit, plaintiff by discovery request in the SDNY suit. The documents produced to plaintiff in the SDNY suit were subject to a protective order prohibiting disclosure. Defendant, having shared its documents with plaintiff, properly wants to know what plaintiff has that it does not. Plaintiff opposes production because he does not want to violate the SDNY protective order but makes no other objection.

    The first order of business is to determine whether there are any documents the BOP produced to plaintiff in the SDNY suit that the BOP did not produce to defendant in this suit. Neither party lists what documents it sought or has, but it is at least clear that plaintiff has both sets of documents. Plaintiff can therefore compare them and inform defendant whether there are any documents produced in the SDNY litigation that are not already in defendant's possession, since he can do that without violating the protective order. If plaintiff asserts there are no such documents, that ends this matter insofar as it is a discovery dispute.

    If there are nonoverlapping documents, ordinarily plaintiff would be expected to produce a log describing them in a manner that makes it possible to determine their discoverability in this matter. Plaintiff, however, does not interpose any objection to discovery other than the existence of the protective order. Accordingly, if there are documents in

plaintiff's possession that have not already been provided to defendant, plaintiff shall seek relief from the protective order in the SDNY suit, informing the court in the SDNY what documents are at issue, and produce those documents requested by defendant. In such case, defendant shall sign any nondisclosure agreement made necessary by the protective order.

DATE: April 12, 2022

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Andre Marie Ngono
132-10 South Conduit Avenue
Jamaica, NY 11430