IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE MARIE NGONO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 3:19-cv-104 |
| ) | Judge Stephanie L. Haines |
| GEO GROUP, INC., *et al.* ) | Magistrate Judge Keith A. Pesto |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

This case relates to Plaintiff Andre Marie Ngono's incarceration at Moshannon Valley Correctional Center ("MVCC"), which was operated by Defendant Geo Group, Inc. ("Defendant Geo") at all times relevant to this matter. Plaintiff's Amended Complaint at ECF No. 9 is the operative complaint. In his Amended Complaint (ECF No. 9), Plaintiff alleges that he was placed in a Restrictive Housing Unit ("RHU") cell by Defendant Geo's employees where he was raped by his cellmate from December 23, 2017 to December 27, 2017, and that on December 28, 2017, Defendant Geo's employees used unnecessary force against him during a cell extraction incident. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

Pending before the Court is Magistrate Judge Pesto's Report and Recommendation (ECF No. 89) on the cross-motions for summary judgment filed by the parties wherein he recommends that Plaintiff's Motion for Summary Judgment (ECF No. 78) be denied, that Defendant Geo's Motion for Summary Judgment (ECF No. 81) be granted, and that the case be terminated. On December 19, 2022, Plaintiff filed Objections (ECF No. 90) to the Report and Recommendation, and on December 23, 2022, Defendant Geo filed a Response to Plaintiff's Objections (ECF No. 91). For the reasons set forth below, the Court will overrule in part and sustain in part Plaintiff's

1

Objections (ECF No. 90) and adopt in part and reject in part Magistrate Judge Pesto's Report and Recommendation (ECF No. 89).

## I. Relevant Procedural and Factual Background

As to the relevant procedural history, this Court initially had original jurisdiction over this matter pursuant to Plaintiff's federal claims against Defendant United States. On September 3, 2021, Magistrate Judge Pesto issued a Report and Recommendation (ECF No. 50) recommending that Defendant United States' Motion to Dismiss (ECF No. 25) should be granted as Plaintiff failed to exhaust his administrative remedies so as to maintain his claims against Defendant United States. On September 22, 2021, this Court adopted the Report and Recommendation (ECF No. 53).

Accordingly, Plaintiff's only remaining claims in this matter are his state law tort claims against Defendant Geo. Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000). In deciding whether to accept or decline supplemental jurisdiction over state law claims when all original jurisdiction claims are dismissed, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons, Inc. v. Delaware Cnty., Pa.*, 983 F.2d 1277, 1284–85 (3d Cir. 1993) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Further, "a district court may exercise supplemental jurisdiction where state-law claims share a 'common nucleus of operative fact' with the claims that supported the district court's original jurisdiction." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir. 2003) (quoting *Gibbs*, 383 U.S. at 725 (1966)); *see* 28 U.S.C. § 1367(a). In this matter, Plaintiff's federal and state law claims were based on the same alleged rape and use of force incidents.

Therefore, the Court exercises supplemental jurisdiction over Plaintiff's state law claims against Defendant Geo.

On August 25, 2022, Plaintiff filed his Motion for Summary Judgment (ECF No. 78), Memorandum of Law in Support of his Motion for Summary Judgment (ECF No. 79), and Concise Statement of Material Facts (ECF No. 80). On September 13, 2022, Defendant Geo filed its Motion for Summary Judgment (ECF No. 81), Brief in Support of its Motion for Summary Judgment (ECF No. 82), Concise Statement of Material Facts (ECF No. 83), and Appendix to its Concise Statement of Material Facts (ECF No. 84). On September 14, 2022, Defendant Geo filed its Response to Plaintiff's Motion for Summary Judgment (ECF No. 85) and Counter-Statement of Material Facts (ECF No. 86). Plaintiff then filed a Response to the Counter-Statement of Material Facts (ECF No. 87) and a Response to Defendant Geo's Motion for Summary Judgment (ECF No. 88) on September 26, 2022. As previously stated, Magistrate Judge Pesto issued his Report and Recommendation (ECF No. 89) on November 30, 2022. On December 19, 2022, Plaintiff filed Objections (ECF No. 90) to the Report and Recommendation, and on December 23, 2022, Defendant Geo filed a Response to Plaintiff's Objections (ECF No. 91).

## II. Legal Standard

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. Upon *de novo* review of all documents, pleadings, motions and filings of record, the Report and Recommendation (ECF No. 89), Plaintiff's Objections (ECF No. 90), and Defendant Geo's Response to the Objections (ECF No. 91), and pursuant to Local Civil Rule 72.D.2, the Court will

accept in part and reject in part the findings and recommendations of the Magistrate Judge in this matter.

### III.  Analysis

Plaintiff's remaining claims against Defendant Geo are Pennsylvania state law claims of negligence, assault, and battery under a *respondeat superior* theory.[1] Specifically, Plaintiff alleges Defendant Geo's employees were negligent in allowing him to be raped and sexually assaulted by another inmate, Ricardo Ballesteros Garcia ("Ballesteros"), from December 23, 2017 to December 27, 2017, after Defendant Geo's employees placed Plaintiff in a RHU cell with Ballesteros at MVCC. Plaintiff alleges Defendant Geo's employees failed to prevent the occurrence of the sexual assaults, failed to timely investigate a reported sexual assault, and were deliberately indifferent to Plaintiff's pain and suffering after the sexual assaults.

Plaintiff further alleges that on December 28, 2017, Defendant Geo's employees sprayed the cell in which Plaintiff and Ballesteros were housed with Oleoresin Capsicum, "OC Spray", and then physically subdued Plaintiff with handcuffs (ECF No. 80 at ¶¶9-14). According to Defendant Geo, the cell was sprayed because Ballesteros refused to surrender four razor blades. Plaintiff alleges Defendant Geo's employees committed assault and battery against him during the cell extraction of Ballesteros as Plaintiff was an unwilling participant, did not do anything to warrant the use of force, and Defendant Geo's employees failed to use reasonable alternatives to the use of force to remove Plaintiff from the cell.

---

[1] The parties and the record occasionally refer Plaintiff's claims as "negligence or deliberate indifference" and "excessive force". However, Plaintiff's constitutional claims based on Section 1983 and/or *Bivens* against Defendant Geo were appropriately dismissed. Therefore, for the sake of clarity, the Court will refer to Plaintiff's first claim as "negligence" only and his "excessive force" claim as assault and battery, since, as recognized by Defendant Geo, this claim is comparable to Pennsylvania state law assault and battery claims.

4

As previously stated, the parties have filed cross-motions for summary judgment in this matter (ECF Nos. 78 and 81). Federal Rule of Civil Procedure 56(a) requires the court to render summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Id.* at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 257; *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991). In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. *White v. Westinghouse Electric Co.*, 826 F.2d 56, 59 (3d Cir. 1988). In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. *Id.* (citations omitted).

As to Plaintiff's Motion for Summary Judgment (ECF No. 78), the Court finds Plaintiff is not entitled to summary judgment on his claims. As a preliminary issue, Plaintiff's motion requests summary judgment on claims such as intentional infliction of emotional distress, retaliation and negligent entrustment, which are not claims he has asserted in his Amended Complaint filed at ECF No. 9. As to the claims which are at issue in this matter, namely, Plaintiff's state law negligence, assault, and battery claims, Defendant Geo has presented ample factual evidence that would allow a reasonable jury to conclude that its employees did not act negligently relating to

5

Plaintiff's rape and sexual assault allegations and reasonably used necessary force against Plaintiff during the cell extraction incident.

As to Defendant's Motion for Summary Judgment (ECF No. 81), under Pennsylvania law, to prevail on a negligence claim, a plaintiff must establish four elements: (1) a duty or obligation recognized by the law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of the duty or failure to conform to the standard by the defendant; (3) a causal connection between the defendant's conduct and the plaintiff's injury; and (4) actual loss or damage resulting to the plaintiff. *Sabo v. UPMC Altoona*, 386 F. Supp. 3d 530, 558 (W.D. Pa. 2019). Here, Plaintiff alleges he requested to be placed in a single cell, but Defendant Geo's employees placed him in the RHU cell with inmate Ballesteros on December 12, 2017. From December 23, 2017 to December 27, 2017, Ballesteros sexually assaulted Plaintiff every day (ECF No. 9 at ¶¶30-31). After Plaintiff was removed from the cell with Ballesteros during the December 28, 2017 cell extraction incident, Plaintiff then informed a lieutenant about the rapes when Plaintiff believed Defendant Geo's employees were going to return him to the cell with Ballesteros. *Id.* at ¶33. Once Plaintiff notified Defendant Geo's employees that the alleged rapes had occurred, they then moved Plaintiff to a cell by himself (ECF No. 83 at ¶¶ 12, 13).

Defendant Geo stresses that, because Plaintiff only informed its employees about the rapes after they occurred, Defendant Geo is entitled to summary judgment on Plaintiff's negligence claim. Defendant Geo concedes it had a duty to keep Plaintiff safe from known hazards (ECF No. 82 at p. 6), but contends Plaintiff cannot show Defendant Geo had a duty to prevent the rapes that it did not know had occurred or had no reason to believe would occur.

However, Plaintiff contends he hit the panic button in his cell on December 24, 2017, and that he attempted to report the rape after the first night he was housed with Ballesteros (ECF No.

87 at ¶8). This contention is corroborated by Plaintiff's 2018 psychological services treatment records. Defendant Geo's Appendix (ECF No. 84) attaches Plaintiff's written discovery responses, which include Plaintiff's treatment records from the Bureau of Prisons Psychology Services Sexual Abuse Intervention (ECF No. 84-2 at pp. 58-86). In his treatment records, Plaintiff related that he first was raped by Ballesteros on December 23, 2017, and that Ballesteros said he would kill Plaintiff if he reported the rape. *Id.* at p. 58. The following day, Plaintiff told staff he was ill and requested medical attention in order to be removed from the cell. *Id.* However, Defendant Geo's employees refused to provide Plaintiff with medical attention because Plaintiff would not specify his medical concern. *Id.* Plaintiff explained that, as he was still locked in the cell with Ballesteros, Plaintiff did not provide further details because he feared for his safety. *Id.* The record reflects Plaintiff was not removed from the cell until the cell extraction incident on December 28, 2017. Plaintiff's treatment records also reflect that he has been diagnosed with Post Traumatic Stress Disorder due to him struggling with being sexually assaulted and is being treated for herpes, which he alleges was a result of the rapes (ECF No. 80 at ¶25).

Defendant Geo argues Plaintiff fails to provide any evidence in support of his negligence claims, but the Court finds Plaintiff has done more than present unsubstantiated allegations through the statements in his pleadings and the evidence of record. *See Brooks v. Kyler,* 204 F.3d 102, 108 n.7 (3d Cir. 2000) (observing that "an inmate who is proceeding pro se[] is in a decidedly difficult position from which to generate record evidence on his behalf," and that sworn statements "are about the best that can be expected" at summary judgment); *Parkell v. Danberg,* 833 F.3d 313, 320 n.2 (3d Cir. 2016) ("Much of Parkell's version of events is supported solely by his own statements in verified complaints and other court filings. Because those documents were signed under penalty of perjury in accordance with 28 U.S.C. § 1746, we consider them as equivalent to

statements in an affidavit.") (internal citations omitted). Given the events Plaintiff has described, Plaintiff has created a genuine issue of material fact as to whether Defendant Geo's employees reasonably should have known of the risk of sexual assault from Ballesteros. The Court finds Plaintiff has presented sufficient evidence through his statements in his filings and his psychology treatment records to raise a genuine issue of material fact as to his negligence claim against Defendant Geo.[2]

Plaintiff appears to also argue that Defendant Geo had a general duty to protect him from rape and assaults under the Prison Rape Elimination Act ("PREA"), citing that the PREA mandates a zero tolerance toward all forms of sexual assault and harassment. The PREA, however, does not create a cause of action, and thus Plaintiff cannot assert a negligence claim under it. *See Williams v. Wetzel*, No. 1:17-cv-79, 2020 U.S. Dist. LEXIS 20105, at *47 (M.D. Pa. Feb. 6, 2020). "While the PREA was intended in part to increase the accountability of prison officials and to protect the Eighth Amendment rights of Federal, State, and local prisoners, nothing in the language of the statute establishes a private right of action." *Walsh v. N.J. Dep't of Corr.*, No. 17-2442, 2017 U.S. Dist. LEXIS 141519, 2017 WL 3835666, at *4 (D.N.J. Aug. 31, 2017); *see also Krieg v. Steele*, 599 F. App'x 231, 232 (5th Cir. 2015) (noting that "other courts addressing this issue have found that the PREA does not establish a private cause of action for allegations of prison rape"); *Frederick v. Snyder Cty. Prison*, No. 3:18-cv-707, 2019 U.S. Dist. LEXIS 48240, 2019 WL 1348436, at *4 (M.D. Pa. Mar. 22, 2019) (concluding same). Likewise, as to Plaintiff's challenge to the sufficiency of the investigation into his rape and assault allegations under the

---

[2] Further, though there does not appear to be any record evidence relating to Ballesteros' behavioral record prior to him being placed in the RHU at MVCC, the Court notes that the December 28, 2017 report of the cell extraction references that Ballesteros has "previous assaultive behavior" (ECF No. 83 at ¶17).

PREA, Plaintiff has no freestanding constitutional right to such an investigation, let alone a cause of action to challenge the sufficiency of the investigation. *See Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim."); *Williams v. Wetzel*, No. 1:17-cv-79, 2020 U.S. Dist. LEXIS 20105, at *46-47 (M.D. Pa. Feb. 6, 2020) ("[B]ecause Plaintiff cannot maintain his claims premised upon violations of the PREA, the Court will grant summary judgment to Defendants as to such claims.").

As to his assault and battery claims relating to Defendant Geo's use of OC spray during the cell extraction of Ballesteros, Plaintiff argues that any use of force against him was unreasonable because he did nothing that warranted the use of force, and Defendant Geo's employees did not use more reasonable measures to avoid the use of force. Plaintiff alleges he has suffered severe shortness of breath, irritation of the throat, severe headache, and intermittent nasal bleedings as a direct result of Defendant Geo's employees' assault and battery against him (ECF No. 79 at p. 15). Defendant Geo argues that the use of force was justified by the fact that Ballesteros was armed with four razors and therefore presented a serious safety risk to himself, Plaintiff, and Defendant Geo's employees (ECF No. 83 at ¶¶16-17, ECF No. 82 at pp. 13-14).

Under Pennsylvania law, "[a]ssault is an intentional attempt by force to do an injury to the person of another, and a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person." *Cohen v. Lit Brothers*, 166 Pa. Super. 206, 209, 70 A.2d 419, 421 (1950) (citation omitted). Though Plaintiff maintains Pennsylvania state assault and battery tort law claims against Defendant Geo, both parties rely on the federal excessive force standard on this issue, which is useful in analyzing Plaintiff's assault and battery claim in the context of a correctional setting. There are several factors to examine in

9

determining whether a correctional officer has used excessive force in violation of the Eighth Amendment, including: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. *See Brooks*, 204 F.3d at 106 (3d Cir. 2000).

Further, on the subject of the use of OC spray and other chemical agents in prisons, the Third Circuit has held the following:

> [the] use of tear gas is not "a per se violation of the Eighth Amendment...." *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984). Rather, "[t]he use of mace, tear gas or other chemical agent of the like nature when reasonably necessary to prevent riots or escape or to subdue recalcitrant prisoners does not constitute cruel and inhuman punishment." *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984). *See also Michenfelder v. Sumner*, 860 F.2d 328, 336 (9th Cir. 1988) (policy allowing use of taser guns on inmate who refused to submit to a strip search does not constitute cruel and unusual punishment); *Spain v. Procunier*, 600 F.2d 189, 195 (9th Cir. 1979) (the use of tear gas "in small amounts may be a necessary prison technique if a prisoner refuses after adequate warning to move from a cell or upon other provocation presenting a reasonable possibility that slight force will be required."); *Clemmons v. Greggs*, 509 F.2d 1338, 1340 (5th Cir. 1975) (the use of tear gas when reasonably necessary to subdue recalcitrant prisoners does not violate the Eighth Amendment).

*Passmore v. Ianello*, 528 Fed. Appx. 144, 147-48 (3d Cir. 2013).

Here, the record reflects Plaintiff was an unwilling participant in the cell extraction incident and complied with all orders during the extraction incident. As summarized by Defendant Geo, Plaintiff testified at his deposition that Defendant Geo's employees saturated the shared cell with gas, then waited for approximately five minutes before they opened the cell to remove Ballesteros and physically restrain Plaintiff (ECF No. 83 at ¶¶25-30, ECF No. 82 at p. 14). Plaintiff argues that a reasonable option would have been to remove Plaintiff from the cell prior to the use of force against Ballesteros (ECF No. 80 at ¶¶60-61), and according to Plaintiff, he requested to be removed

from the cell prior to the use of force against Ballesteros (ECF No. 87 at ¶11). Based on Plaintiff's contentions, a jury could reasonably conclude that the use of force against Plaintiff was not needed. Plaintiff has raised genuine issues of material fact concerning the need for the use of force against him and whether Defendant Geo's employees made efforts to avoid the use of the OC spray into the shared cell and their subsequent physical restraint of Plaintiff. Accordingly, Defendant Geo is not entitled to summary judgment on this claim as well.

### IV. Conclusion

The Court will overrule in part and sustain in part Plaintiff's Objections (ECF No. 90) and adopt in part and reject in part Magistrate Judge Pesto's Report and Recommendation (ECF No. 89). Specifically, the Court adopts Magistrate Judge Pesto's recommendation to deny Plaintiff's Motion for Summary Judgment (ECF No. 78), but rejects the recommendation to grant Defendant's Motion for Summary Judgement (ECF No. 81). As such, the Court will deny Plaintiff's Motion for Summary Judgment (ECF No. 78) and deny Defendant Geo's Motion for Summary Judgment (ECF No. 81). Accordingly, the following Order is entered:

### ORDER

AND NOW, this 2nd day of March, 2023, IT IS HEREBY ORDERED that Plaintiff's Objections (ECF No. 90) to Magistrate Judge Pesto's Report and Recommendation (ECF No. 89) are sustained in part and overruled in part. Plaintiff's objections as to the denial of his Motion for Summary Judgment (ECF No. 78) are overruled. Plaintiff's objections regarding the disposition of his Pennsylvania state law claims against Defendant Geo Group, Inc. are sustained; and,

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 89) is adopted in part and rejected in part as the Opinion of this Court. Magistrate Judge Pesto's recommendation that Plaintiff's Motion for Summary Judgment (ECF No. 78) be denied

is adopted as the Opinion of this Court. Magistrate Judge Pesto's recommendation that Defendant Geo Group, Inc.'s Motion for Summary Judgment (ECF No. 81) be granted is rejected; and,

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (ECF No. 78) is DENIED, and Defendants' Motion for Summary Judgment (ECF No. 81) is DENIED.

_____
Stephanie L. Haines
United States District Judge